# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Arizona Civil Constructors, Inc.,

    Plaintiff

v.

HDI Global Specialty SE, fka International Insurance Company of Hannover SE, et al.,

    Defendants

Case No.: 2:20-cv-0010-JAD-DJA

**Order Denying Motion for Good-faith Settlement & Vacating Hearing**

[ECF No. 19]

    In this insurance-coverage action, contractor Arizona Civil Constructors, Inc. (ACC) sues its three insurers for failing to indemnify and defend it in a lawsuit brought by a client—the owner of the Gipsy nightclub, which ACC remodeled. ACC has settled with one of those insurers, HDI Global Specialty Insurance Company for $150,000 and moves this court for a determination that the settlement is in "good faith," such that HDI's co-defendants' rights against HDI are cut off under Nevada Revised Statute § 17.245.[1] Defendant Midwest Family Mutual Insurance Company opposes the motion.[2]

    To determine whether a claim resolution is in good faith and deserves the protections of NRS 17.245, courts evaluate the five factors developed in the MGM Grand Hotel Fire Litigation: "(1) [t]he amount paid in settlement, (2) the allocation of the settlement proceeds among plaintiffs, (3) the insurance policy limits of settling defendants, (4) the financial condition of settling defendants, and (5) the existence of collusion, fraud[,] or tortious conduct aimed to injure

---

[1] ECF No. 19.
[2] ECF No. 27.

the interests of non-settling defendants."[3]  Unfortunately, ACC has not provided the court enough information in its motion to determine—based on an analysis of the *MGM* factors or otherwise—whether its settlement with HDI is a good-faith one under Nevada law.  Its analysis of these factors is just ten sentences long, covering about two-thirds of a page.[4]  And those sentences contain more conclusory assertions about these factors than facts on which the court can evaluate those factors.  Though ACC provides more details and reasoning in its reply brief,[5] by waiting until the reply to offer even a scintilla of analysis, ACC has deprived Midwest of the opportunity to respond to its main points, and this court of meaningful briefing.  In short, ACC has failed to meet its burden to demonstrate the good-faith nature of the HDI settlement.

       IT IS THEREFORE ORDERED that Arizona Civil Constructors, Inc.'s Motion for Determination of Good-faith Settlement **[ECF No. 19] is DENIED** without prejudice to ACC's ability to file a full and complete renewed motion seeking this relief.

       IT IS FURTHER ORDERED that **the December 1, 2020, hearing on that motion is VACATED as moot.**

Dated: November 30, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[3] *The Doctors Co. v. Vincent*, 98 P.3d 681, 686 (Nev. 2004) (quoting *In re MGM Grand Hotel Fire Litig.*, 570 F. Supp. 913, 927 (D. Nev. 1983)).

[4] ECF No. 19 at 4.

[5] *See* ECF No. 34.